### No. 11,291

### Orleans

### STATE OF LOUISIANA v. THE PREST-O-LITE COMPANY

(November 13, 1928. Opinion and Decree.)

Charles J. Larkin, Jr., of New Orleans, attorney for plaintiff and appellee.

P. D. Olivier and A. B. Booth, Jr., of New Orleans, attorneys for defendant and appellant.

JONES, J. In this proceeding the State of Louisiana seeks to collect a delinquent license tax from defendant for the years 1925 and 1926, as provided by Section 15 of Act 205 of 1924. Defendant filed exceptions of vagueness and want of affidavit, along with an answer averring that they were manufacturers and were therefore exempt, because its business was not covered by the above quoted section. The exceptions and merits were tried together and there was judgment for plaintiff.

The record describes the business of defendant as follows:

Solid calcium carbide is put in water and acetylene gas is formed. This passes into a large tank, then through a set of purifiers and driers, where the impurities and the water vapors are taken out. It is then pumped through oil traps, where all oil is removed. From thence it is pumped into charging racks. On these racks are placed steel cylinders which are filled with a porous substance, generally asbestos or cement or charcoal and acitone. When the acetylene gas is pumped into these cylinders, the acitone dissolves it.

This dissolved acetylene cannot be used as it leaves the plant for either making light, heat, or power, but when mixed with oxygen it is used for welding.

Section 8 of Article 10 of the Constitution of 1921 reads as follows:

"License taxes may be levied on such classes of persons, association of persons and corporations pursuing any trade, business, occupation, vocation or profession, as the Legislature may deem proper, except clerks, laborers, ministers of religion,

school teachers, trained nurses, those engaged in mercantile, agricultural or horticultural pursuits or in operating saw mills."

Section 15 of Act 205 of 1924 reads as follows:

"That for carrying on each business of gas light, gas heat or power, etc., other than those subject to license under the foreign license act or special laws, the license shall be based as follows, to-wit:"

The general (sometimes called an "omnibus") clause, found in sub-section 34 of paragraph 2, section 24, of the above quoted act, reads as follows:

"That any other business not provided for in this act and not otherwise provided for by separate law, excepting manufacturing shall be graded the same as above set forth and shall pay a license as fixed in this Section."

As defendant is admittedly a manufacturer, plaintiff, to maintain its position, must prove that this business is covered by some specific section or paragraph in the law. The only one pertaining thereto is Section 15, quoted above, which applies only to the business of manufacturing gas for light, heat or power.

This provision clearly has no application to the business of defendant for two reasons: First, defendant is not manufacturing gas; Second, it does not use its product (dissolved acetylene) for light, heat or power.

On the contrary, the business of defendant is manufacturing dissolved acetylene, a liquid which is only used when combined with oxygen, for the purposes of welding.

For above reasons the judgment is reversed, and it is now ordered that the suit be dismissed.